http://www.va.gov/vetapp16/Files5/1639912.txt

Citation Nr: 1639912 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 13-22 853 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUE

Entitlement to service connection for vertigo, to include as secondary to bilateral hearing loss and tinnitus. 

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

Sara Kravitz, Associate Counsel

INTRODUCTION

The Veteran had active duty service from February 1956 to March 1958.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision of the St. Petersburg, Florida Department of Veterans Affairs (VA) Regional Office (RO). The case was remanded for additional development most recently in July 2014.

The Board has reviewed the electronic files in the Veterans Benefit Management System (VBMS) and the Virtual VA files. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

First, the Veteran's service treatment records are not available due to a fire at the National Personnel Records Center. He submitted a Request for Information Needed to Reconstruct Medical Data, which noted that he received treatment for his claimed vertigo from January 1957 to July 1957 at a military hospital in Ulm, Germany. An April 2015 Personnel Information Exchange System request was submitted for these records, but the dates listed were only through June 1957. Another request was subsequently submitted in June 2015 for surgeon general and sick/morning reports, but the dates listed were only from June through July 1957. Therefore, upon remand a new request for records from the hospital, as well as the surgeon general and sick/morning reports should be submitted from January 1, 1957 through July 30, 1957.

Next, the Veteran was afforded a VA examination in July 2015 to address his claimed vertigo. The examiner opined that the Veteran's dizziness was not vestibular and was "most likely due to anemia," but did not address whether the claimed vertigo is aggravated by a service-connected disability. Upon remand, after reviewing any updated service treatment records that may be associated with claims file, the examiner should issue an addendum opinion to address whether the Veteran's dizziness is caused or aggravated by his service-connected hearing loss or tinnitus, using the "as likely as not" standard. 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Submit a new request for medical records to the appropriate repository from the military hospital in Ulm, Germany, as well as any surgeon general, or sick/morning reports for the Veteran for the period from June 1, 1957 to July 30, 1957.

If these records are not available, the Veteran should be informed of the unavailability in accordance with 38 C.F.R. § 3.159 (e). 

2. After the above is completed, return the matter to the examiner that conducted the July 2015 examination to obtain an addendum to their opinion. If unavailable, schedule the Veteran for a new VA examination by an appropriate medical professional.

The Veteran's record (to specifically include this remand) must be reviewed by the examiner in conjunction with the addendum opinion. Based on review of the Veteran's record, the examiner should provide opinions that respond to the following: 

a. Is the Veteran's dizziness (claimed as vertigo) least as likely as not (a 50% or better probability) etiologically related to his service? 

b. Is the Veteran's dizziness (claimed as vertigo) at least as likely as not (a 50% or better probability) caused or aggravated by the Veteran's service-connected bilateral hearing loss or tinnitus?

The examiner must provide a clear rationale for all opinions provided. 

3. The AOJ should then review the record and readjudicate the Veteran's claim to include as secondary to hearing loss and tinnitus. If such claim remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative an opportunity to respond before the record is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).